Filed 12/16/14  P. v. Jones CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT JONES,<br><br>Defendant and Appellant. | B253470<br>(Los Angeles County<br>Super. Ct. No.  TA122782-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kelvin D. Filer, Judge.  Affirmed.

Mona D. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Appellant Robert Jones was convicted of attempted carjacking and robbery. His court-appointed counsel has filed an opening brief raising no issues. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist, and affirm.

## RELEVANT PROCEDURAL BACKGROUND

On April 10, 2012, appellant was arrested for the attempted carjacking (Pen. Code, §§ 215, 664) and robbery (Pen. Code, § 211) of Annie-Claude Sanchis.[1] On June 5, 2012, prior to preliminary hearing, the trial court denied appellant's *Marsden* motion for a new court-appointed attorney.[2]

On July 5, 2012, following the preliminary hearing, an information was filed charging appellant with attempted carjacking (count 1) and robbery (count 2). Accompanying the charges were allegations that appellant had suffered one prior felony conviction constituting a serious felony (§ 667, subd. (a)(1)) and a strike under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), for which he had served a prison term (§ 667.5, subd. (a)). Appellant pleaded not guilty and denied the special allegations.

In August 2012, after appellant's representation had been reassigned to another court-appointed attorney, the trial court denied appellant's *Marsden* motion regarding that attorney. In September 2012, during appellant's first jury trial, appellant was determined to be not competent to stand trial, and a mistrial was declared.

---

[1]     All further statutory citations are to the Penal Code.

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

In early January 2013, the trial court found appellant competent to stand trial. On January 14, 2013, appellant asserted his right to self-representation under *Faretta v. California* (1975) 422 U.S. 806, and was permitted to represent himself. In April 2013, after the jury in appellant's second trial was unable to reach a verdict, the court declared a mistrial.

On July 29, 2013, the jury in appellant's third trial, at which he again represented himself, found him guilty as charged. After finding the prior conviction allegations to be true, the trial court denied appellant's motions for a new trial and to strike his strike, and sentenced him to a total term of nine years in prison. The court selected the conviction for robbery as the principal count, imposed the two-year lower term, doubled that term on the basis of appellant's prior strike (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), and added a five-year enhancement (§ 667, subd. (a)(1)). The court also imposed and stayed a five-year term on appellant's conviction for attempted carjacking (§ 654). This appeal followed.

## FACTS

A. *Prosecution Evidence*

John Johnson testified that on April 10, 2012, he was working as a security officer at the St. John's Well Child and Family Center in Compton. While outside the main clinic of that facility, Johnson saw Anne-Claude Sanchis drive into its parking lot. As Sanchis left her car, appellant ran into the parking lot from a neighboring street and approached her from behind. Following some "body contact," Sanchis turned to face appellant, and the pair appeared to sway back and forth. When Sanchis yelled, "Hey," Johnson moved toward the pair. As Johnson did so, he noticed "a snatching movement" between appellant and Sanchis.

3

Appellant entered Sanchis's car, and tried unsuccessfully to start it with what appeared to be a key.

Johnson further testified that when he arrived at the car, he directed appellant to get out of it. Appellant left the car, confronted Johnson, and asked, "Where are the keys?" In response, Johnson told appellant that he needed to leave the property, and that the police had been called. Instead of departing the property, appellant entered the main clinic and then left it through another set of doors. Upon leaving the main clinic, appellant dropped what he appeared to have taken from Sanchis.

Anne-Claude Sanchis testified that in April 2012, she worked as a nurse practitioner at the St. John's Well Child and Family Center in Compton. On April 10, Sanchis arrived at that facility and parked her car. Upon leaving the car, she paused to close her purse. As she did so, she saw a man at the parking lot entrance. After making eye contact with Sanchis, the man ran toward her and grabbed her key chain, which held the fob required to start her car. According to Sanchis, because she was holding her key chain and fob "really tight," he "tore . . . off" only the key chain, leaving the fob in Sanchis's hand.[3] The man entered Sanchis's car and tried unsuccessfully to start it. A security guard named "John" then directed her to enter the main clinic and call the police. Later, after entering the clinic, she saw appellant running toward it and "was pretty scared."

Johnson and Sanchis reported the incident in a 911 call, a recording of which was played for the jury. During the call, Johnson said that Sanchis's assailant was wearing a white tank top and blue shorts. Within a few minutes of

---

[3]     Although Sanchis sometimes referred to the stolen property as her "car keys," she testified that the man took only her key chain, which she described as a "heart[-]shap[ed] ring."

4

the call, Los Angeles County Sheriff's Department deputy sheriffs detained appellant near the St. John's Well Child and Family Center.

Los Angeles County Sheriff's Department Deputy Sheriff Mara Osuna and her partner transported Sanchis and Johnson to appellant's location for field identification show-ups. Sanchis and Johnson viewed appellant, and identified him as the man responsible for the attempted carjacking.[4] According to Osuna, appellant was wearing a white tank top, blue shorts, and blue shoes.

The jury viewed video recordings and photos from the security cameras at the St. John's Well Child and Family Center, which showed appellant running into the parking lot, and later entering the main clinic, leaving it, and dropping some keys. The cameras were not positioned to view the location of Sanchis's car.

B. *Defense Evidence*

Ronald Guzek, an "audio video" expert, testified that he had extracted photographs from the video recordings of the incident for comparison with photographs of appellant. The photographs prepared by Guzek were admitted into evidence.

**DISCUSSION**

After an examination of the record, appellant's court-appointed counsel filed an opening brief raising no issues and requesting this court to review the record independently pursuant to *Wende*. In addition, counsel advised appellant of his right to submit by supplemental brief any contentions or argument he wished the court to consider. Appellant has neither presented a brief nor identified any

---

[4] At trial, only Johnson identified appellant as the man who tried to take Sanchis's car.

5

potential issues.  Our examination of the entire record establishes that appellant's counsel has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.